-1-

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GREGORY CAIN,

    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant.
_____/

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Communication Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2. Plaintiff, Gregory Cain ("Gregory"), is a natural person who resided in Fort Myers Beach, Florida, at all times relevant to this action.

3. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota Corporation that maintained its principal place of business in Minneapolis, Minnesota at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before ICS began contacting Gregory, it and Gregory had no prior business relationship and Gregory had never provided express consent to ICS to be contacted on his cellular telephone.

8. ICS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of ICS's revenue is debt collection.

10. ICS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, ICS contacted Gregory to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Gregory is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, ICS began calling Gregory on his cellular phone in an attempt to collect a debt for another individual, Gregory's brother.

15. The calls were automated and Gregory did not have the opportunity to speak with a live person.

16. On or around March 19, 2015, Hyslip & Taylor, LLC, LPA called ICS and notified ICS of its representation of Gregory.

17. In addition, Hyslip & Taylor, LLC, LPA communicated Gregory's desire that ICS cease calling Gregory.

18. In response, ICS said they would remove Gregory's number.

19. Despite this communication, ICS continued to call Gregory on his cellular phone.

20. ICS's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Gregory.

21. ICS unreasonably relied upon inaccurate information provided to ICS by one (1) or more original creditors for whom ICS was attempting to collect a debt when ICS called Gregory's cellular telephone.

22. ICS's policies and procedures violate the FDCPA.

23. ICS's continued collection calls to Gregory's cellular telephone in an effort to collect a debt belonging to someone other than Gregory, and despite ICS's knowledge that Gregory was represented by legal counsel, violated the FDCPA.

24. ICS's continued calls frustrated Gregory and caused him stress and anxiety.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 24 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

27. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

28. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

29. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT TWO

### Violation of the Telephone Consumer Protection Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 24 above as if fully set forth herein.

31. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

> 137 Cong. Rec. 30,821 (1991).

32. The TCPA provides, in part:

> (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

> 47 U.S.C. §§ 227(b)(1)(A)(iii).

33. Defendant used a predictive dialer system to call Plaintiff on his cellular phone.

34. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd.

14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

35. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

36. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

37. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

38. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

39. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

41. In addition, The TCPA provides, in part:

    > If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

    47 U.S.C. § 227(b)(3).

42. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

43. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar.

19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

44. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

45. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

46. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

47. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

48. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT THREE

### Violations of the Florida Consumer Collection Practices Act

49. Plaintiff re-alleges and incorporates by reference Paragraphs 13 through 24 above as if fully set forth herein.

50. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

51. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

52. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

53. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

54. Defendant willingly and knowingly violated Fla. Stat. § 559.72(18) by communicating with Plaintiff after Defendant knew that Plaintiff was represented by an attorney and had knowledge of, or could readily ascertain, such attorney's name and address.

## JURY DEMAND

55. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

56.  Plaintiff prays for the following relief:

   a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d.  Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: November 12, 2015

/s/ Sharina T. Romano
Sharina T. Romano, Esq.
Florida Bar No.: 65503
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 312.380.6110
(F) 312.361.3509
(E) sharina@fairdebt411.com

*Counsel for Plaintiff*